## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| SMITHS MEDICAL ASD, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. _____ |
| v. | ) | |
| | ) | |
| ENDO MED Corp., d/b/a SMITH | ) | |
| MEDICAL, SMITH MEDICAL | ) | **Jury Trial Demanded** |
| WORLDWIDE PRODUCTS, SMITH | ) | |
| MEDICAL SALES, and SMITH | ) | |
| MEDICAL SERVICES. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff Smiths Medical ASD, Inc. for its Complaint against Defendant, herein allege and state as follows:

### THE PARTIES

1.      Plaintiff, Smiths Medical ASD, Inc. ("Smiths Medical ASD"), is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 6000 Nathan Lane North, Minneapolis, MN 55442.

2.      Defendant, ENDO MED Corp., is a corporation organized and existing under the laws of the state of Texas, having a principal place of business at 2233 Vantage St., Dallas, TX 75207.  ENDO MED Corp. does business under the assumed names "Smith Medical", "Smith Medical Worldwide Products", "Smith Medical Sales," and "Smith Medical Services" and operates a website at www.smithmdusa.com (formerly www.smithmedicalsales.com).

## SUBJECT MATTER JURISDICTION

3.      This Court has subject matter jurisdiction over the Lanham Act claims

pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1338 (a). The Court also has original

jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. §1121, and pendent and

supplemental jurisdiction over the state law claims under 28 U.S.C. §1338(b) and 28

U.S.C. §1367(a) in that such claims are joined with substantial and related claims under

the Trademark Laws of the United States, 15 U.S.C. §1051 *et seq.*

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

4.      Smiths Medical ASD manufactures and sells a variety of medical products.

Smiths Medical ASD and its predecessors in interest have used the mark SMITHS in

connection with its medical products business since at least 1994.  Since at least 2003,

Smiths Medical ASD has used the mark SMITHS MEDICAL in connection with its

medical products business, including the following stylized version of the SMITHS

MEDICAL mark:



5.      Smiths Medical ASD is indirectly wholly owned by Smiths Group plc

("Smiths Group").  Smiths Group is the exclusive owner of United States Trademark

Registration Number 2,913,288 (the '288 Registration") for the mark SMITHS

(stylized/design), which was registered on the Principal Register on December 21, 2004.

A photocopy of the '288 Registration is attached hereto and is incorporated by reference

herein as Exhibit 1.  Smiths Group has granted Smiths Medical ASD the exclusive right

to use and enforce the SMITHS mark in the medical products field in the United States and its territories.  The style and design of the mark is:

# smiths

6.    The SMITHS mark has been registered, and Smiths Medical ASD has adopted the SMITHS mark, within International Class 9 for tracheal tubes, tubes and tubing for use in anesthesia; connectors and couplings for tracheal and anesthesia tubes; dialysis catheters; blood, body fluid (and tissue) sampling apparatus and instruments; needles; syringes; guards for protecting needles and sharps; implantable ports and vascular access devices; apparatus and instruments for warming infusion fluid; patient warming apparatus and instruments; medical infusion pumps; medication reservoirs and cassettes; and parts and fittings for all the aforesaid goods.

7.    Smiths Medical ASD is the exclusive owner of United States Trademark and Service Mark Registration Number 4,800,141 ("the '141 Registration") for the SMITHS MEDICAL mark, which was registered on the Principal Register on August 25, 2015.   A photocopy of the '141 Registration is attached hereto and is incorporated by reference herein as Exhibit 2.

8.    Smiths Medical ASD has registered and adopted the SMITHS MEDICAL mark within International Class 9 for Medical and surgical apparatus and instruments, namely, tracheal tubes and tubing for use in anesthesia; needles, namely, injection needles, hypodermic needles, spinal needles, epidermal needles; syringes, namely, injection syringes, hypodermic syringes, loss of resistance syringes; medical apparatus

3

and instruments for warming infusion fluid, patient warming blankets; medical warm air blowers; medical conductive warming mattresses; medical infusion pumps for delivering measured amounts of solutions into the bloodstream over time; medication reservoirs and cassettes, namely, reservoirs and cassettes for infusion pumps and infusers; apparatus and instruments for use in assisted reproduction, namely, embryo transfer catheters, trial transfer catheters, artificial insemination catheters, cannulae, stylets, medical needles, obturators; pipettes for medical purposes for assisted reproduction diagnostics; micropipettes for medical purposes for in vitro fertilization (IVF) procedures including lntracytoplasmic Sperm Injection (ICSI), Holding, Embryo Biopsy, Assisted Hatching (Zona Drilling and Partial Zona Dissection (PZD)), Polar Body Biopsy, and Blastomere Biopsy Pipettes for medical purposes for pre-implantation genetic diagnosis (PGD); oocyte recovery systems comprised of medical needle and syringes, hub, bung, and aspiration tube; and parts and fittings for the aforesaid goods, namely, tracheal tubes, tubes and tubing for use in anesthesia.

9.    Continuously since adoption of the SMITHS and/or SMITHS MEDICAL marks, Smiths Medical ASD has used the marks to identify its products and distinguish them from those made and sold by others by, among other things, prominently displaying the marks in connection with the products, including on the product packaging, the instructions for use provided with the products, and on various brochures and other advertising, all of which are distributed throughout the United States.

10.    Smiths Medical ASD's predecessor registered the domain name smiths-medical.com in September 29, 2000.  Smith Medical ASD and its predecessors have

continuously promoted its medical devices nationwide through the website since it was launched in July of 2001. Smiths Medical ASD prominently displays the SMITHS and SMITHS MEDICAL marks, including the stylized version of those marks, on its website.

11.    Smiths Medical ASD's use of the SMITHS and SMITHS MEDICAL marks is inherently distinctive, and has acquired further distinctiveness as a result of its long and continuous use of those marks and variations thereof, in interstate commerce.

12.    Smiths Medical ASD's long and continuous advertising and publicity of the SMITHS and SMITHS MEDICAL marks in the medical products industry for such an extended and continuous period of time has established a high degree of recognition for the marks to Plaintiff, in the relevant trading area and channels of trade.

13.    The SMITHS and SMITHS MEDICAL marks have become valuable assets of Plaintiff as a result of Smiths Medical ASD's use of the marks, along with its extensive sales and promotions, in the medical products industry. The SMITHS and SMITHS MEDICAL marks are recognized by the medical device industry and the general public as a strong source of identification of Smiths Medical ASD and of its products.

14.    Defendant operates a business selling new and reconditioned medical equipment for use in hospitals, surgery centers, and alternate care facilities. The medical equipment includes, but may not be limited to, endoscopy and diagnosis products and related electronic controllers.

15.     In connection with their business, Defendant had used and continues to use the names Smith Medical, Smith Medical Sales, Smith Worldwide Medical Products, and Smith Medical Services, including the following stylized logo:



(hereinafter "the SMITH Logo")

16.     Defendant also operates an online store through a website at smithmdusa.com that prominently displays the SMITH Logo.  Defendant offers for sale and sells new and reconditioned medical equipment through its online store.  Defendant's smithmdusa.com website advertises that it provides "new and reconditioned medical equipment; specializing in endoscopy, diagnosis products, and accessories.  Smith Medical also provide[s] sales and technical support to hospitals and surgery centers."

17.     Defendant has solicited customers throughout the United States, including the District of Minnesota, via its online store.  Defendant's website allows customers to order products directly from Defendant and ship to any State in the United States.  Defendant's website offers a variety of products for sale and allows customers to request a quote by completing an online request form that includes "name", "email", "phone", and "message" to which a customer requests a quote.  In another area of the online store, customers are encouraged to contact Defendant via phone number or by email.

18.     Defendant has marketed its products and services, and solicited customers at trade shows across the United States, using the Smith Medical, Smith Medical Sales

and Smith Worldwide Medical Products names and the SMITH Logo.  In 2014, for example, Defendant operated a booth at the Annual Meeting of Digestive Disease Week in Chicago, Illinois, which was attended by more than 14,000 gastrointestinal professionals from around the United States, including Minnesota.  Accordingly, Defendant is marketing its products and services to doctors from around the United States, including to doctors in Minnesota.

19.    Defendant's former website, smithmedicalsales.com, advertised that it provided repair services for the products of various corporations, including some with locations in Minnesota, including Zimmer and Olympus.  There is no indication from the new website that Defendant has discontinued these services.

20.    Defendant also markets its business as Smith Medical Sales through social media such as Facebook and YouTube.  Its Facebook page is available at https://www.facebook.com/pages/Smith-Medical-Sales/226735357344031.

21.    Defendant has used the Smith Medical Sales name and website, Smith Medical name, Smith Worldwide Medical Products name and website, and the SMITH Logo in connection with medical products and medical equipment services, without Plaintiff's consent or authorization, to sell and ship goods in interstate commerce.

22.    Defendant operates its business of selling used medical equipment using the Smith Medical, Smith Medical Sales, and Smith Worldwide Medical Products name and website, and the SMITH Logo, which is likely to cause confusion, and in fact has caused confusion, as to the source of origin, affiliation, connection, sponsorship, or association in the marketplace.

7

23.    Plaintiff has notified Defendant that the conduct of their business using the Smith Medical Sales and Smith Worldwide Medical Products name and website and the SMITH Logo violates Plaintiff's trademark rights.  Defendant has nonetheless continued to operate their business unchanged, knowing that their conduct causes and will continue to cause harm to Plaintiff.

## COUNT I: TRADEMARK INFRINGEMENT
## UNDER § 32 OF THE LANHAM ACT

24.    Plaintiff repeats and incorporates herein the allegations of ¶¶ 1-23 above.

25.    This count states a cause of action for infringement of Plaintiff's Federal Trademark Registrations 4,800,141 and 2,913,288 pursuant to the Trademark Laws of the United States, 15 U.S.C. § 1114 *et seq*.

26.    Defendant's SMITH Logo is confusingly similar to Plaintiff's registered SMITHS and SMITHS MEDICAL marks.  The styling of the SMITH Logo is particularly confusingly similar to Plaintiff's marks in sight and meaning.  Not only does the SMITH Logo contain both the words "Smith" and "Medical," but it also uses a similar font for "Smith" as that contained in the SMITHS and SMITHS MEDICAL marks, as well as a very similar color as compared to the SMITHS MEDICAL mark.

27.    Consumers are likely to consider Defendant's SMITH Logo in connection with medical products and services as an extension of Plaintiff's medical products and services marketed under the marks SMITHS and SMITHS MEDICAL.

28.    The use in interstate commerce by Defendant of the SMITH Logo is so similar to Plaintiff's registered SMITHS and SMITHS MEDICAL marks so as to create a

8

substantial likelihood of confusion as to the source of origin, affiliation, connection, sponsorship, or association in the marketplace, and has damaged Plaintiff herein.

29.     Defendant has infringed Plaintiff's trademark rights in interstate commerce by various acts including the commercialization, advertising, distribution, and sale of medical products and services, featuring medical products including endoscopy, endotherapy, and services concerning the same under the SMITH Logo, as utilized on its website and advertising and marketing materials.

30.     Plaintiff has been damaged by Defendant's use of the SMITH Logo on, or in connection, with the goods and services described as medical products, through interstate commerce.  Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff.

31.     Use of the SMITH Logo by Defendant is without permission or authority of Plaintiff and said use herein infringes Plaintiff's exclusive right to its federally registered trademarks, in violation of § 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

**COUNT II: UNFAIR COMPETITION UNDER § 43 OF THE LANHAM ACT**

32.     Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-31 of this Complaint.

33.     The sale and service of medical products by Defendant using the Smith Medical, Smith Medical Sales, Smith Worldwide Medical Products, and Smith Medical Services names and the SMITH Logo in interstate commerce constitutes a false designation of origin, a false or misleading description of fact, a false or misleading representation of fact, and/or false advertising that is likely to cause confusion or mistake,

and/or to deceive as to the affiliation, connection and/or association of Defendant with Plaintiff, and/or as to the origin, sponsorship, and/or approval of Defendant's goods, services and commercial activities, in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125.

34.    Plaintiff has been, and will continue to be damaged by such unlawful acts in a manner and amount that cannot be fully measured or compensated for in economic terms.  The actions of Defendant have damaged and will continue to damage Plaintiff's market, reputation, and goodwill, and will discourage current and potential customers from dealing with Plaintiff.

## COUNT III: DECEPTIVE TRADE PRACTICES – MINN. STAT. § 325.44

35.    Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-34 of this Complaint.

36.    This count states a cause of action under the Deceptive Trade Practices Act of the State of Minnesota, M.S.A. §§ 325D.44 *et seq*.

37.    Defendant has engaged in deceptive trade practices when it unlawfully caused to be placed into commerce products and services featuring medical products and services using the Smith Medical, Smith Medical Sales, Smith Worldwide Medical Products, and Smith Medical Services names and the SMITH Logo.

38.    Use of the Smith Medical, Smith Medical Sales, Smith Worldwide Medical Products, Smith Medial Services names and the SMITH Logo by Defendant creates a likelihood of confusion as to the source of origin, affiliation, connection, sponsorship, or association, with respect to Plaintiff herein.

39.     The conduct of Defendant as alleged herein constitutes deceptive trade practices as defined by and in violation of the law of Minnesota, including but not limited to violation of Subdivision 1, causing injury to Plaintiff.

40.     As a direct and proximate result of the likely confusion, mistake, or deception, the public has suffered and will continue to suffer irreparable harm if the conduct of Defendant is not enjoined.

41.     As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer irreparable harm if the conduct of Defendant is not enjoined.

42.     Pursuant to Minn. Stat. §§ 8.31 and 325D.45, Plaintiff is entitled to recover its costs and attorneys' fees.

**COUNT IV: UNLAWFUL TRADE PRACTICES ACT – MINN. STAT. § 325D.09**

43.     Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-42 of this Complaint.

44.     This count states a cause of action under the Deceptive Trade Practices Act of the State of Minnesota, M.S.A. §§ 325D.09 *et seq*.

45.     The conduct of Defendant as alleged herein constitutes deceptive trade practices as defined by and in violation of the law of Minnesota, causing injury to Plaintiff.

46.     As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer irreparable harm if the conduct of Defendant is not enjoined.

11

47. Pursuant to Minn. Stat. § 325D.15 and § 8.31, subd. 3a, Plaintiff is entitled to recover its costs, disbursements, and reasonable attorneys' fees.

### COUNT V: COMMON LAW UNFAIR COMPETITION

48. Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-47 of this Complaint.

49. This count states a cause of action for common law unfair competition.

50. The unauthorized use of Plaintiff's trademarks by Defendant as alleged above constitutes common law unfair competition in violation of Plaintiff's common law rights in Plaintiff's marks.

51. Plaintiff has been and continues to be damaged by such common law unfair competition in a manner and in an amount to be proven at trial, including but not limited to all of Defendant's profits from sales of the infringing products and services and all damages sustained by Plaintiff as a result of Defendant's infringement.

52. The actions of Defendant has damaged and will continue to damage Plaintiff's business, reputation and goodwill, and may discourage current and potential customers from dealing with Plaintiff, if the conduct of Defendant is not enjoined.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for the following:

A. That this Court grant preliminary and permanent injunctions pursuant to the powers granted to it under 15 U.S.C. § 1116, enjoining Defendant and its agents, servants, employees, affiliates, and all other persons acting in concert or conjunction with them from directly or indirectly utilizing the

12

names Smith Medical, Smith Medical Sales, Smith Worldwide Medical Products, and Smith Medical Services (including the SMITH Logo) or any confusingly similar variant thereof, which is likely to cause confusion, mistake, or to deceive; and continuing any and all acts of unfair competition as alleged herein.

B.    That this Court, pursuant to the power granted it under 15 U.S.C. § 1118, order that all labels, signs, prints, packages, wrappers, receptacles, brochures and advertisements in the possession of Defendant bearing the names Smith Medical, Smith Medical Sales, Smith Worldwide Medical Products, and Smith Medical Services shall be delivered and destroyed, including Defendant's website content at www.smithmedicalsales.com and www.smithmdusa.com.

C.    That the domain names www.smithmedicalsales.com and www.smithmdusa.com be transferred from Defendant to Plaintiff.

D.    That Defendant take down any and all Facebook, YouTube or similar pages associated with the names Smith Medical, Smith Medical Sales, Smith Worldwide Medical Products, and Smith Medical Services and confirm that no future pages will be created.

E.    That Defendant be required to account to Plaintiff for any and all profits derived by Defendant from the sale of products under the names Smith Medical, Smith Medical Sales, Smith Worldwide Medical Products, and Smith Medical Services and for all damages sustained by Plaintiff by

13

reason of said acts of infringement and unfair competition complained of herein.

F.     That the cost of this action be awarded to Plaintiff.

G.     That this Court find that this is an exceptional case and award Plaintiff its reasonable attorneys' fees pursuant to § U.S.C. § 1117(a).

H.     That the Court award to Plaintiff's attorney's fees and costs as permitted by Minnesota Statute §325D.45 or § 325D.15, or both.

I.     That this Court grant such other and further relief as it shall deem just a proper.

**Smiths Medical ASD, Inc.**
 *by counsel*

Dated: April 26, 2016

s/      *J. Derek Vandenburgh*
J. Derek Vandenburgh
  Minnesota Bar No. 0224145
Tara C. Norgard
  Minnesota Bar No. 0307683
Jennell C. Bilek
  Minnesota Bar No. 0391078
CARLSON, CASPERS, VANDENBURGH,
LINDQUIST & SCHUMAN, P.A.
225 South Sixth Street, Suite 4200
Minneapolis, Minnesota  55402
(612) 436-9600 Telephone
(612) 436-9605 Facsimile
dvandenburgh@carlsoncaspers.com
tnorgard@carlsoncaspers.com
jbilek@carlsoncaspers.com